STEPHENS v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.
    Where the evidence is conflicting, the verdict of the jury is conclusive on appeal.

Appeal from trial term, Kings county.

Action by James A. Stephens against the Nassau Electric Railroad Company for injuries received while in the employ of defendant. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John L. Wells, for appellant.
Thomas F. Magner, for respondent.

WOODWARD, J. This action was brought to recover for personal injuries sustained by the plaintiff through the alleged negligence of the defendant, resulting in a verdict for $5,000, which was subsequently reduced by stipulation to $2,000; the trial court having made an order setting aside the verdict unless such stipulation was made. While no formal motion for a new trial was made, it was stipulated upon the argument that the question should be considered as raised by such a motion; the appeal being from an order denying the motion. The plaintiff was a motorman in the employ of the defendant, and was engaged in instructing a man in the operation of a car. To perform this work he was obliged to stand upon the front platform, and the plaintiff's theory of the case, which was accepted by the jury, was that, in the position which he was obliged to occupy, it was necessary to lean upon the gate, a folding contrivance, the fastening of which was defective, and that the car, while passing over some obstructions which had fallen upon the track, worked the fastening loose, permitting the plaintiff to be thrown to the pavement, resulting in the injuries for which damages are claimed. The basis of the action, as pointed out by the learned trial court, was the duty of the defendant to provide a reasonably safe place in which the plaintiff was to perform his services; and the question was brought down to whether the fastening to the gate was defective, and whether the defendant had exercised that reasonable degree of care which the uses of the gate, and the probabilities of injury resulting from a defect in the construc-

tion, imposed upon it. There was a conflict of evidence upon this principal question. The jury has found that the defendant was guilty of negligence in respect to this gate, and that the plaintiff was free from negligence contributing to the accident. This result was reached after an unusually clear and careful statement of the law governing the case, to which neither the plaintiff nor defendant offered any objection or suggestion of change, and it is not clear on what ground we may say that the verdict, as modified by the stipulation, should not be affirmed. What is said in this respect may be said equally of the release on which the defendant relies. While there can be no doubt that the release executed by the plaintiff would be a complete defense to this action, if it was signed with an understanding that it was a release of the cause of action, the evidence is sufficient to support the conclusion of the jury that it was executed under a misapprehension, and that the plaintiff understood merely that he was signing a receipt for one-half pay during the time that he had been thrown out of employment by the accident. The whole matter was submitted to the jury under instructions so complete and satisfactory that no objection was suggested, and the verdict of the jury must be conclusive upon the questions involving the right of the plaintiff to recover, and the modified verdict appears fairly to measure the damages sustained by the plaintiff. The judgment and order appealed from should be affirmed, with costs. All concur.